IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC, | ) |
| Plaintiff, | ) Cause No. 3:21-cv-00227-DRL-MGG |
| v. | ) |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

**DEFENDANTS-INSURERS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM AND JURY INSTRUCTIONS**

Defendants, American Guarantee and Liability Insurance Company ("AGLIC"), Starr Surplus Lines Insurance Company ("Starr"), Chubb Custom Insurance Company ("Chubb"), General Security Indemnity Company of Arizona ("General Security"), Axis Surplus Insurance Company ("Axis"), Interstate Fire & Casualty Company ("Interstate") and Ironshore Specialty Insurance Company ("Ironshore") (collectively "Insurers"), by and through their respective counsel, and pursuant to Fed. R. Civ. Pro. 51 hereby submits its objections to Plaintiff Indiana GRQ LLC ("IRG") proposed special verdict form and unagreed jury instructions

**IRG'S PROPOSED SPECIAL VERDICT FORM**

Pursuant to Fed. R. Civ. Pro. 49, IRG may propose a special verdict form. The special verdict form, however, must present to the jury "all material issues raised by the pleadings and evidence." *Malone v. ReliaStar Life Ins. Co.*, 558 F.3d 683, 692 (7th Cir. 2009). A proposed verdict form may be a hybrid general and special verdict form. The Seventh Circuit only requires that the verdict form not be misleading or confusing to the jury. *EEOC v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, *439-440 (7th Cir. 2012). The proposed verdict form will constitute

error as a matter of law if it takes away an issue that must be resolved by the jury. *Id.*; *United States Fire Ins. Co. v. Pressed Steel Tank Co.*, 852 F.2d 313, 317-18 (7th Cir. 1988).

In *Malone*, the Seventh Circuit vacated a judgment and remanded for a new trial in light of an error in the special verdict form. In that case, the special verdict form the court accepted did not address alternative methods available to the plaintiff to prove its claim. *Id.* at 694. Consequently, the court remanded for a new trial. *Id.* In *Pressed Steel*, the special verdict form contained a question about the timely notification of the loss at issue. Nevertheless, the verdict form did not allow the jury to consider whether subsequent proffers of information cured the initial notice deficiency. By removing this issue from the jury's consideration, the Seventh Circuit found that the proposed verdict form constituted reversable error and remanded for a new trial. 852 F. 2d at *13-14.

IRG's proposed verdict form fails to incorporate all material issues raised by the pleadings and evidence, is confusing and seeks to remove necessary issues from the jury's consideration. ECF 142, pp. 3-4. First, the issue of the Insurers' alleged waiver of the contractual suit limitation provision remains at issue. In fact, its resolution will dispose of not only the entire case but the remainder of the questions on IRG's verdict form. Yet, unlike the Insurers' proposed verdict form, IRG's form does not even purport to address same, rendering IRG's proposed verdict form misleading for removing an issue from the jury's consideration. ECF 142-2, p. 2.

Second, similarly, IRG's verdict form ignores the PCB exclusion in Interstate's policy. IRG will doubtlessly argue that the Court has found that Interstate conceded that this exclusion is inapplicable to IRG's environmental claim. See ECF 145, p. 3, footnote 2. However, Interstate has moved to have the Court reconsider its denial of Interstate's motion for summary judgment. [ECF 129] Should the Court grant Interstate's motion, then IRG's verdict form is insufficient

because it fails to give the jury a way to determine what PCB clean-up damages, if any, are barred by Interstate's PCB exclusion.

Third, IRG intends to seek consequential damages at trial. ECF 138-3, p. 6; 138-4, p. 8. IRG's proposed verdict form, however, fails to instruct the jury as to the standard for consequential damages and that they are generally limited to reasonably foreseeable economic damages. ECF 140, p. 15 (Certain Insurers' proposed instruction No.18); *Indianapolis City Mkt. Corp. v. MAV, Inc,* 915 N.E.2d 1013, 1024-25 (Ind. Ct. App. 2009*); (citing Johnson v. Scandia Assocs.,* 717 N.E.2d 24 (Ind. 1999)). This also renders the IRG verdict form incorrect.

With respect its bad faith claim, the IRG form has a myriad of legal errors. Any verdict form or jury instruction under Indiana law must make clear that punitive damages may be awarded only if there is clear and convincing evidence that the insurer acted with malice, fraud, gross negligence, or oppressiveness which was not the result of mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing." *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 869 (7th Cir. 1994). IRG's proposed verdict form makes no reference to the fact that there exist differing burdens of proof for breach of contact and bad faith damages nor does it correctly set forth what IRG must prove to receive punitive damages rendering it improper. *Id.*

Finally, IRG's proposed verdict form concerning the amount of punitive damages to be awarded is manifestly improper. Indiana Code 34-51-3-4 restricts any punitive damage award to the greater of three times compensatory damages or $50,000. *McCarthy v. Fuller*, 2014 U.S. Dist. LEXIS 36059 (S.D. Ind. 2014). It does not provide that the jury must award punitive damages, at minimum equal to the compensatory damage award, if any, or a multiple of that amount. Indeed, the jury could award $1 in punitive damages if it awards punitive damages. Yet, IRG's proposed

verdict form suggests that the jury **must** award at least the same amount of punitive damages that it awards as compensatory damages or a multiple of same. This is not an accurate statement of Indiana law.

For the forgoing reasons, IRG's proposed special verdict form should be rejected by this Court.

## IRG'S PROPOSED JURY INSTRUCTIONS

Under Indiana law, jury instructions must state the law correctly, whether they are supported by record evidence, and whether its substance is covered by other instructions. *Doll v. Samara*, 2020 Ind. App. Unpub. LEXIS 229 *7 (Ind. Ct. App. 2020). The threshold test is whether the instructions as a whole were sufficient to inform the jury correctly of the applicable law and the theory of defense." *McLaughlin v.* 30 F.3d at 869.

IRG proposes a number of incorrect and unnecessary instructions as to agency and "apparent agency". ECF 140, pp. 3-5 (IRG instructions No. 1 & 3-10). Initially, the Parties have agreed to an instruction on agency. ECF 140, p. 1. That instruction is sufficient. Nevertheless, IRG goes on to offer many additional instructions with conflate the concepts of agency/apparent agency and breach of the insurance policy. For example, an alleged wrongful action or failure to act by Micah Thoman does not in and of itself establish liability under the contract. IRG's proposed instructions on behalf of a laundry list of individuals purports to establish exactly that premise. Such instructions are improper and should not be tendered to the jury. *Doll,* 2020 Ind. App. Unpub. LEXIS 229 at *8-9 (holding apparent agency instructions which conflated alleged breach of hospital protocol with the breach of the applicable standard of care constituted reversible error).

Instruction No. 11 needlessly seeks to instruct the jury on the Insurers' pro-rata participation and the potential impact of same upon a verdict. Such an effort is unnecessary and will simply confuse the jury. The Parties can mold a jury award, if any, to confirm to each Insurer's pro-rata participation. Doing so via a jury instruction is unnecessary particularly where the Parties do not agree that the jury should be aware of the individual participations. Instruction No. 13 is an incorrect statement of law. This Court's ruling resolved the issue of the two-year time limit upon replacement cost recovery. It remains settled law that an insured cannot recover replacement cost unless and until the insured actually repairs the property first. *See e.g., Employers Mut. Cas. Co. v. Skoutaris*, 453 F.3d 915, 918 (7th Cir. 2006) (holding that an insured is restricted to only an ACV recovery unless and until repair/replacement of damaged property is made); *Williams v. American Fam. Mut. Ins.*, 2008 U.S. Dist. LEXIS 69607, *19-20 (S.D. Ind. 2008) (same).

Instruction No. 14 relates to the Insurers' alleged waiver of the contractual suit limitation. Under Indiana law, waiver is defined as "an intentional relinquishment of a known right" while estoppel/implied waiver requires a showing of the misleading of a party entitled to rely on the acts or statements in question and a consequent change of position to that party's detriment. *Westfield Nat. Ins. Co. v. Nakoa*, 963 N.E.2d 1126, 1131–32 (Ind. Ct. App. 2012). This proposed instruction pre-supposes that simply by performing one of the enumerated tasks, the Insurers have waived the suit limitation. That is an incorrect statement of Indiana law.

Instruction No. 15 subpart (3) conflates consequential losses and breach of contract losses contrary to Indiana law. ECF 140, p. 15 (Certain Insurers' proposed instruction No.18); *Indianapolis City Mkt. Corp. v. MAV, Inc,* 915 N.E.2d 1013, 1024-25 (Ind. Ct. App. 2009*); (citing Johnson v. Scandia Assocs.,* 717 N.E.2d 24 (Ind. 1999)).

5

Instruction No. 17 advises the jury to consider inflation in awarding damages even though IRG has neither presented any information nor disclosed any witnesses that can establish inflation caused its alleged damages to increase. Thus, IRG is improperly requesting that the jury speculate as to the alleged increase in repair/replacement costs, if any, caused by inflation.

Instructions Nos. 16, 18-21 improperly state IRG's burden of proof with respect to its bad faith claim. IRG must prove its bad faith claim by clear and convincing evidence and not by a preponderance of the evidence. This includes all aspects of its bad faith claim including punitive damages and attorney's fees. *Erie Ins. Co. v. Hickman,* 662 N.E.2d 515 (Ind. 1993); *Johnson v. State Farm Mut. Auto. Ins. Co.,* 667 N.E.2d 802, 805 (Ind. Ct. App. 1996); *Ansert v. Adams,* 678 N.E.2d 839, 841 (Ind. 1997). All of these proposed instructions are inconsistent with these rules of law and/or constitute unnecessary instructions that will unnecessarily confuse the jury.

For the forgoing reasons, IRG's proposed unagreed jury instructions should be rejected by this Court.

 

Respectfully submitted,

/s/ David. E. Heiss
HINSHAW & CULBERTSON LLP
151 North Franklin Street
Suite 2500
Chicago, IL  60606
dheiss@hinshawlaw.com

/s/ David. E. Schroeder
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street
Suite 2550
Chicago, IL 60606
deschroder@tribler.com
*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I, David E. Schroeder, hereby certify that on April 24, 2023, a copy of the foregoing pleading, was served electronically on the parties listed below via the Court's ECF system:

Mark Miller
William O'Neil
Benjamin Massarsky
Miller Friel, PLLC
2445 M Street, N.W.
Suite 910
Washington D.C., 20037
millerm@millerfriel.com
oneilw@millerfriel.com
massarskyb@millerfriel.com

Peter E. Kanaris
David E. Heiss
Hinshaw & Culbertson, LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
pkanaris@hinshawlaw.com
dheiss@hinshawlaw.com

*Attorneys for Certain Insurers*

And

Clint A. Zalas
Lee, Groves and Zalas
54931 30th Street
South Bend, Indiana 46635
cazalas@lgzlegal.com
*Attorneys for Plaintiff*

/s/ *David E. Schroeder*