IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF
INDIANA SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC,               )<br>                                             )<br>            Plaintiff,                 )<br>                                             )<br>     v.                                    )<br>                                             )<br>AMERICAN GUARANTEE AND     )<br>LIABILITY INSURANCE COMPANY, et al., )<br>                                             )<br>            Defendants.              )<br>                                             ) | Cause No. 3:21-cv-00227-DRL-MGG |

**PLAINTIFF INDIANA GRQ, LLC'S OBJECTIONS TO DEFENDANT INSURERS' PROPOSED JURY INSTRUCTIONS**

On April 17, 2023, Plaintiff Indiana GRQ, LLC ("IRG") submitted the Parties' Agreed and Unagreed Jury Instructions. [ECF 140]. IRG, by and through its counsel, submits the following objections with respect to Defendant Insurers' Proposed Jury Instructions to which IRG does not agree:

**I.     General Objection to All Defendant Insurers – Certain Insurers[1] and Interstate**

IRG objects to any Jury Instruction which suggests that IRG's bad faith claim is limited to only two issues: (i) Defendant Insurers' retention of IRG's environmental consultant; and (ii) Defendant Insurers' withholding of their internal cost estimates. As noted in IRG's Motions in Limine and Trial Brief, IRG will present evidence at trial to support additional acts of Defendant Insurers' conduct supporting bad faith. [ECF 145; 148].

---

[1] American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, Ironshore Specialty Insurance Company.

II. **Specific Objections to Jury Instructions Proposed by Certain Insurers**

**No. 1:** IRG objects to this Jury Instruction as it is not a jury instruction, but rather a summary of the case from the perspective of Certain Insurers. In addition, the summary contains unagreed facts, is prejudicial to IRG, and is overly long and confusing.

**No. 2:** IRG objects to this Jury Instruction because it is essentially duplicative of what the Court has already identified as its standard instructions. In addition, Certain Insurers failed to identify the precise Seventh Circuit Pattern Civil Jury Instructions upon which they rely.

**No. 3:** IRG does not object to this Jury Instruction.

**No. 4:** IRG does not object to this Jury Instruction.

**No. 5:** IRG does not object to this Jury Instruction.

**No. 6:** IRG does not object to this Jury Instruction.

**No. 7:** IRG does not object to this Jury Instruction

**No. 8:** IRG objects to this Jury Instruction because it does not accurately reflect the law for bad faith punitive damages in that it suggests that the only evidentiary standard at issue is "clear and convincing." As noted in Unagreed Jury Instruction Proposed by IRG Nos. 15 and 18, as well as IRG's Trial Brief, the "preponderance of the evidence" standard applies to IRG's breach of contract claims, as well as the compensatory damages portion of its bad faith claim, while the "clear and convincing" standard applies only to the punitive damages portion of its bad faith claim. [ECF 148].

**No. 9:** IRG objects to this Jury Instruction because it is one sided as it only instructs the jury on IRG and parties assisting IRG, but wholly ignores Defendant Insurers and their agents. In addition, it mischaracterizes the status of Jeffrey Pikel.

**No. 10:**   IRG objects to this Jury Instruction because it grossly mischaracterizes the Court's March 23, 2023 Ruling and applicable law.  Defendant Insurers contend that the Court and applicable decisional law states that "Insurers did not have an obligation to inform IRG of IRG's duties and responsibilities under the property insurance contracts." [ECF 128 at p. 7].  This is incorrect.  The Court stated that "*[g]enerally*, an insurer need not inform an insured of his responsibilities under the policy." *Id*. (emphasis added).  The key term in this sentence, of course, is "generally."  The Court then goes onto state the following in the very next paragraph of the Ruling, which Defendant Insurers conveniently ignore: "But one must keep reading the law. *Summers* [*v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 415 (Ind. Ct. App. 1999)] says an exception exists when 'an insurance carrier does not deny coverage or liability, *and* proceeds to negotiate with the insured toward settlement of the claim." (quoting Summers, 719 N.E.2d at 416) (emphasis in original).  Based on this exception to the *general* rule that insureds are presumed to understand their obligations under their policies, the Court denied Defendant Insurers' motion for summary judgment on the suit limitations provision.

**Nos. 11-12:**   IRG objects to these Jury Instructions because the Court in its March 23, 2023 Ruling denied Defendant Insurers' summary judgment motion on the one-year suit limitations provision in the policy and ordered the Parties to submit additional briefing as to whether the Court should grant summary judgment on this issue in favor of IRG. [ECF 128].  The Court's decision is pending.  In addition, the type of conduct that constitutes waiver or estoppel on the part of Defendant Insurers is not set forth in the instruction.

**No. 13:**   IRG objects to this Jury Instruction for three reasons.  First, it is improper to instruct the jury as to the meaning of terms in the insurance policies at issue in this action, let alone to do so in an inaccurate and incomplete manner.  Second, this instruction is improper because it

3

injects uncertainty as to facts that are undisputed, *i.e.* neither party has asserted that the damage to IRG's electrical equipment was caused by anything other than the flood on August 15-16, 2016. Likewise, the instruction's reference to April 15, 2017 (the end of the policy period for the policies at issue in this action) is confusing and irrelevant given that Defendant Insurers were actively adjusting and working on IRG's claim after April 15, 2017. This jury instruction has no relevance to this claim.

**No. 14:**    IRG objects to this Jury Instruction because mitigation of damages is not at issue in the case. Defendant Insurers have not raised this issue or identified a specific instance in which IRG allegedly failed to mitigate its damages.

**No. 15:**    IRG objects to this Jury Instruction because it is an incorrect and incomplete recitation of the applicable policy provisions and is designed to mislead and confuse the jury. IRG insured the South Bend Facility and is seeking loss for damage at the South Bend Facility – the South Bend Facility is not land or water.

**No. 16:**    IRG objects to this Jury Instruction because it flatly contradicts a prior ruling of the Court holding that depreciation of electrical equipment is improper. [ECF 128]. IRG also objects because this instruction is an inaccurate and incomplete recitation of the applicable policy provisions.

**No. 17:**    IRG objects to this Jury Instruction because it is one-sided by asking the Jury to justify their use of IRG's environmental consultant to work against IRG. Unlike this jury instruction, IRGs jury instructions set forth the bad faith standard in a neutral way. In addition, this instruction incorrectly states that the only bad faith standard is "clear and convincing." As discussed *supra* No. 8 and in IRG's Trial Brief, there is a preponderance of the evidence standard with respect to the compensatory damages portion of bad faith.

**No. 18:** IRG objects to this Jury Instruction because the foreseeability of the damages at issue here is not at issue in this case, therefore, no instruction is warranted. Moreover breach of contract damages are adequately addressed through applicable model jury instructions.

**No. 19:** IRG objects to this Jury Instruction as it believes IRG's Jury Instruction No. 20 is more aligned with Indiana model instructions.

**No. 21:** IRG objects to this Jury Instruction because it involves an editorial choice by Defendant Insurers as to the meaning of "Reprehensible." IRG would agree to this instruction if the line starting with " 'Reprehensible' means" was followed by "worthy of severe criticism or blame or deserving of severe disapproval."

### III. Specific Objections to Jury Instructions Proposed by Interstate

**No. 1:** IRG objects to this Jury Instruction because it is unnecessary as no party is a natural person.

**Nos. 2-3:** IRG objects to this Jury Instruction because it improperly takes the position that all of Defendant Insurers did not act through the same adjusters and take identical actions that caused harm to IRG. In short, it attempts to single out Interstate from the rest of Defendant Insurers just because they have different counsel. In addition, it contradicts the Court's March 23, 2023 Ruling and is misleading. [ECF 128]. In the Court's March 23 Ruling, the Court held as a matter of law that Interstate's PCB exclusion does not apply. Defendant Insurers participated in a unified shared risk insurance program and all of them, including Interstate, were represented by adjusters McLarens and Charles Taylor. Accordingly, for purposes of both liability and damages, there are no differences between Defendant Insurers.

**No. 4:** IRG objects to this Jury Instruction because it is an incorrect and misleading characterization of the law. In addition to policy exclusions, Defendant Insurers also have the

burden of proof with respect to any other limitations in the policy, such as any coverage limitations and valuation limitations found outside of the Exclusion section of the policies.

**No. 5:** IRG objects to these Jury Instructions because the Court already has ruled that Interstate's PCB exclusion does not apply. [ECF 128]. It is highly inappropriate for Interstate to even propose this Jury Instruction.

**No. 6:** IRG objects to these Jury Instructions because it seeks to characterize a highly disputed issue – namely, the context and meaning of Interstate's payment of PCB-related losses. IRG also objects to this jury instruction because the Court already has ruled that Interstate's PCB exclusion does not apply. [ECF 128]

DATED this 24th day of April, 2023

Respectfully submitted,

*/s/ Mark E. Miller*
Mark E. Miller
Brian G. Friel
Benjamin W. Massarsky
William T. O'Neil
MILLER FRIEL, PLLC
2445 M Street NW, Suite 910
Washington, DC  20037
Tel: (202) 760-3160
Fax: (202) 459-9537
millerm@millerfriel.com
frielb@millerfriel.com
massarskyb@millerfriel.com
oneilw@millerfriel.com

Clint A. Zalas
LEE, GROVE and ZALAS
54391 30th Street
South Bend, Indiana 46635
Tel: (574) 232-5923
Fax: (574) 232-5942
cazalas@lgzlegal.com

*Attorneys for Plaintiff Indiana GRQ, LLC*

# CERTIFICATE OF SERVICE

I, Benjamin W. Massarsky, hereby certify that on April 24, 2023, a copy of the foregoing Plaintiff Indiana GRQ, LLC's Objections to Defendant Insurers' Proposed Jury Instructions was served electronically on the parties listed below:

Peter E. Kanaris
David E. Heiss
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
dheiss@hinshawlaw.com
pkanaris@hinshawlaw.com

Jennifer J. Kalas
Hinshaw & Culbertson, LLP
322 Indianapolis Blvd.
Suite 201
Schererville, IN 46375
Tel: (219) 864-4521
Fax: (219) 864-5052
jkalas@hinshawlaw.com

Mitch Orpett
David Schroeder
Tribler Orpett & Meyer P.C.
225 West Washington, Suite 2550
Chicago, IL 60606
maorpett@tribler.com
deschroeder@tribler.com

*/s/ Benjamin W. Massarsky*
Benjamin W. Massarsky