UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-cv-227 DRL |

OPINION AND ORDER

Indiana GRQ, LLC sued seven insurance companies after flooding caused environmental and electrical damage to its South Bend, Indiana facility. The insurers paid part of the claimed losses and eventually denied other coverage. On March 22, 2023, the court ruled on three partial summary judgment motions. For one issue, the insurers argued that Indiana GRQ's suit was time barred by the insurance policy. Indiana GRQ argued waiver. The court denied the insurers' motion and invited briefing on whether the court should enter summary judgment for Indiana GRQ as to waiver. *See* Fed. R. Civ. P. 56(f)(1). Today, the court grants summary judgment for Indiana GRQ as to waiver.

STANDARD

"After giving notice and a reasonable time to respond, the court may [] grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f); *see Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1017, 1034-35 (7th Cir. 2019). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in its favor. *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022). The court must construe all facts in the light most favorable to the non-moving party, viewing all reasonable inferences in that party's favor, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1051 (7th Cir.

2020), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll v. Valparaiso Cmty. Schs.*, 953 F.3d 923, 924-25 (7th Cir. 2020). In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

The insurance policy requires any suit to commence within twelve months "after the date of direct physical loss or damage to Covered Property or to other property as set forth herein" [ECF 16-12 § 6.13.05]. The loss occurred on August 15, 2016. Indiana GRQ filed suit on June 18, 2020—approximately forty-six months later.

Though disfavored, Indiana enforces contractual provisions that shorten the time to commence an action if "reasonable time is afforded, except [when] there is fraud, duress, and the like," *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009), or when it contravenes a statute or public policy, *Brunner v. Econ. Preferred Ins. Co.*, 597 N.E.2d 1317, 1318 (Ind. Ct. App. 1992). An insurer may waive such a provision or be estopped from asserting it. *Huff v. Travelers Indem. Co.*, 363 N.E.2d 985, 991 (Ind. 1977); *Auto-Owners Ins. Co. v. Cox*, 731 N.E.2d 465, 467 (Ind. Ct. App. 2000).

Waiver or estoppel may "result from acts of [an] insurer causing [the] insured or claimant under the policy to delay bringing suit until after the time provided for in the policy." *Huff*, 363 N.E.2d at 991; *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 415 (Ind. Ct. App. 1999). If the insurer's conduct causes the insured to "reasonably believe" that the company won't insist on the suit's timeliness, the insurer "may no longer raise the limitation period as a defense." *Cox*, 731 N.E.2d at

2

468 (emphasis omitted). To permit otherwise would "allow the insurer to lull an insured into not pressing his rights and then deny liability on the basis of the limitation period." *Id.* Whether an insurer has waived the limitations period is usually a question of fact. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 381 (Ind. Ct. App. 2004).

An insurance company generally has neither a duty to inform an insured of its responsibilities under the policy nor an obligation to tell the insured that the carrier intends to assert a time limitation on suit. *Summers*, 719 N.E.2d at 416. An exception exists when "an insurance carrier does not deny coverage or liability, *and* proceeds to negotiate with the insured toward settlement of the claim." *Id.* In these circumstances, "the law will imply a waiver of the contractual limitation for the bringing of suit, unless and until the insurer puts the insured on notice that litigation is necessary if he desires to pursue the claim further." *Id.*; *see Schafer v. Buckeye Union Ins. Co.*, 381 N.E.2d 519, 523 (Ind. Ct. App. 1978).

From the date of loss until the August 2019 denial letter, the insurers were part of an interactive process to adjust Indiana GRQ's claim. The insurers made payments, continued to adjust the claim, and engaged in settlement negotiations—both within and after the contractual limitation period (which would have otherwise run on August 15, 2017). From the date of loss until May 2019, there was no mention of the contractual limitation period. Before May 2019, the insurers' conduct created a reasonable belief in Indiana GRQ that the contractual suit limitation would not be enforced. Viewing all reasonable inferences in favor of the insurers at this point, no reasonable jury could find other than that the insurers had waived this contractual limitation period. *See Summers*, 719 N.E.2d at 416; *see, e.g., 28th St. Superior Hosp., Inc. v. Cincinnati Ins. Co.*, 2022 U.S. Dist. LEXIS 26854, 10-14 (N.D. Ind. Feb. 15, 2022) (case not barred by suit limitation because of ongoing claim adjustment and repeated representations to pay an appropriate amount).

In a May 2019 letter to Indiana GRQ, the insurers first cited the limitations period from the policy alongside several other provisions. The question is whether a reasonable jury could conclude

3

that the May 2019 letter "expressly so advises the insured . . . that [the insurers are] unwilling to further change [their] position respecting the claim," *Schafer*, 381 N.E.2d at 523, and "expressly put [the insured] on notice that litigation within one year would be necessary if [the insured] wished to pursue [its] claim further," *Summers*, 719 N.E.2d at 416. More simply put, could a reasonable jury find that the May 2019 letter reinstated the twelve-month clock to bar Indiana GRQ's suit today (because it was not filed until June 2020)? *See Burress v. Indiana Farmers Mut. Ins. Group*, 626 N.E.2d 501, 506 (Ind. Ct. App. 1993) (the plaintiffs filed "suit on July 30, 1992, more than one year after [the insurer's] last correspondence, so even if [the insurer] waived the time limitation . . ., it would not have extended the time [] to sue past January 23, 1992, one year after the last correspondence"); *Schafer*, 381 N.E.2d at 523 n.5 ("we see no reason why a time limit for taking action may not be reinstated after notice to that effect [when] the original limitation period was waived by the insurer's conduct").[1]

Although the May 2019 letter—almost three years after the date of loss and after ongoing payments, investigation, and negotiations—pointed to the suit limitation clause as important, the letter never expressly advised Indiana GRQ that the insurers were unwilling to change their position or expressly put the company on notice that the twelve-month clock had started. *See Summers*, 719 N.E.2d at 416; *Schafer*, 381 N.E.2d at 523. On one hand, it said as follows: "As we await your final claim submissions, the Insurers wish to advise that their collective investigation of your claim is continuing. The Insurers do, however, want to bring to your attention certain provisions in the Policy (Zurich) that may affect the extent to which coverage may be available for this Loss" [ECF 103-1]. Toward the end, and after citing numerous policy provisions with limited commentary, the letter "referred" Indiana GRQ to the time limitation and quoted it.

But the letter took an altogether different approach than insisting on Indiana GRQ's performance within that time period:

---

[1] These cases dispose of Indiana GRQ's "once waived-always waived" argument without further comment.

- "This letter will act as a follow up to . . . our continued adjustment in this matter."

- "As we await your final claim submissions, the Insurers wish to advise that their collective investigation of your claim is continuing."

- "Once you have fully presented your claim and the Insurers have had an opportunity to complete their review, the Insurers will be in a better position to evaluate the scope of coverage, if any."

- The insurers asked GRQ to forward additional information for "further evaluation" on a "without prejudice" basis.

Disambiguating ambiguous statements is for the jury, but this letter could not reasonably be construed as ambiguous within the meaning of *Summers*. Indiana law is clear: when an insurer doesn't deny coverage or liability and proceeds to negotiate toward settlement, the law will imply a waiver, "unless and until the insurer puts the insured on notice that litigation is necessary if he desires to pursue the claim further." *Schafer*, 381 N.E.2d at 523. There was no express notice to this effect. In fact, the letter said adjustment was ongoing—and no notice or even inkling that the insurers were seeking to rely on this time limit prospectively. *See Summers*, 719 N.E.2d at 416; *Schafer*, 381 N.E.2d at 523 n.5.[2]

At the final pretrial conference, the insurers confessed the purpose of the May 2019 letter was to reserve additional rights. But it didn't reinstate them or provide notice that Indiana GRQ was now on the clock. Later communication from the insurers in 2019 reiterated the same thing. For instance, the August 2019 letter denying coverage didn't seem to view the May 2019 letter as reinstating the twelve-month clock but said Indiana GRQ had already breached the contractual suit limitation provision and that the claims were thus barred. Indiana GRQ admitting its awareness of the provision in May 2019 doesn't mean that Indiana GRQ understood, or objectively should have understood, that the insurers were reinstating the time limit. No reasonable jury could find the May 2019 letter provided

---

[2] Chilling negotiations would be counterproductive to an efficient claims process, certainly, but the insurers never continued to engage in these while alerting Indiana GRQ to the need to sue within twelve months after the insurers had chosen to waive the time limit for some three years.

5

such express notice. By this time, the insurers had not denied coverage and continued to negotiate with the insured toward settlement; and, by law, the insurers still had not put Indiana GRQ "on notice that litigation is necessary if [it] desire[d] to pursue the claim further." *Summers*, 719 N.E.2d at 416. On this record, not until August 2019 was Indiana GRQ advised that the insurers were unwilling to change their position on the claim and gave notice that litigation was necessary to pursue the claim further.

The insurers argue about the court's language in its prior summary judgment ruling, but the court was quite careful in saying only that a reasonable juror could find for Indiana GRQ. The court never addressed whether a reasonable juror could only find for Indiana GRQ, and that question is answered today. After notice and reasonable time to respond, on this record a reasonable jury could only say that the insurers waived the contractual limitation period, and then never put Indiana GRQ on express notice (until August 2019) of the need to sue to pursue the claim more. *See Summers*, 719 N.E.2d at 416. Indiana GRQ filed suit on June 18, 2020—within twelve months after the insurers denied coverage. Indiana GRQ's suit is not time barred. This is the way.

## CONCLUSION

Accordingly, the court grants summary judgment for Indiana GRQ on the timeliness and waiver issues of the original filings.

SO ORDERED.

May 4, 2023                                              *s/ Damon R. Leichty*
                                                         Judge, United States District Court