UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY *et al.*,<br><br>Defendants. | CAUSE NO. 3:21-cv-227 DRL |

OPINION AND ORDER

Indiana GRQ, LLC (IRG) seeks to exclude testimony from certain proposed expert witnesses, Robert West and Gerald Provencher, on a limited basis—because of their involvement in confidential mediation.[1] The court denies IRG's motion as to Robert West and will conduct a brief evidentiary hearing as to Gerald Provencher.

The court recently ruled on summary judgment and reconsideration motions that provide the background for this case. *See Indiana GRQ, LLC v. Am. Guar. & Liab. Ins. Co.*, 2023 U.S. Dist. LEXIS 49026 (N.D. Ind. Mar. 23, 2023); *Indiana GRQ, LLC v. Am. Guar. & Liab. Ins. Co.*, 2023 U.S. Dist. LEXIS 74222 (N.D. Ind. Apr. 28, 2023). IRG retains two claims for trial—contract and bad faith.

IRG challenges the tendered testimony of Robert West and Gerald Provencher because they participated in mediation or reviewed mediation documents. IRG says both proposed experts based their expert opinions on confidential information and thus should be excluded. The parties leave unspoken whether their lens for argument fits within Federal Rules of Evidence 403, 702, 703, or some other rule, including Federal Rules of Civil Procedure 16 or 37, or housed in the court's inherent powers.

---

[1] The court addresses by separate order the arguments against Robert West under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). IRG doesn't offer Rule 702 argument as to Mr. Provencher. His review of mediation materials is the sole basis on which IRG seeks his exclusion.

IRG filed its argument with attacks on other witnesses under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). A witness may testify in the form of an expert opinion when (1) the witness is "qualified as an expert by knowledge, skill, expertise, training, or education;" (2) the testimony is "based on sufficient facts or data;" (3) the testimony is "the product of reliable principles and methods;" and (4) the witness has "reliably applied the principles and methods to the facts of the case" in such a way that the testimony will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Although analysis under Rule 702 remains at all times flexible, *Daubert*, 509 U.S. at 594, the fundamental considerations of what makes expert opinion admissible are well understood, *see Constructora Mi Casita, S de R.L. de C.V. v. NIBCO, Inc.*, 448 F. Supp.3d 965, 970-71 (N.D. Ind. 2020). The proponent of expert testimony must establish its admissibility by a preponderance of the evidence. *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 459 (7th Cir. 2019).

But that isn't a perfect fit here—IRG isn't arguing that these witnesses are unreliable or unhelpful because they participated in the mediation process. Perhaps IRG means to say these witnesses have relied on information on which experts in their field would not reasonably rely, *see* Fed. R. Evid. 703, but that point has not been made. Rule 403 remains alive and well—as do other rules in the context of challenges to opinion witnesses. *See Daubert*, 509 U.S. at 595. The court's scheduling order leaves the mediation process unaddressed (save for setting a mediation deadline), so neither Rule 16 nor Rule 37 fit neatly either. *See* Fed. R. Civ. P. 16(f)(1)(C), 37(b). Instead, the thrust seems to be that the insurers violated the court's local rules governing mediation.

Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U. S. 626, 630-631 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct [that] abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Local rules often provide direction for how the court may do so and "have the force of law." *Hinterberger v. City*

*of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020). District courts have the oft-recognized authority to "require strict compliance with their local rules." *Id.* at 528; *see Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) ("have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules").

"The Indiana Rules for Alternative Dispute Resolution [ADR] (including the rules regarding privilege, confidentiality of communications, and disqualification of neutrals) apply to all alternative-dispute-resolution processes unless the court orders otherwise." N.D. Ind. L.R. 16-6(c). Under these rules, "[m]ediation sessions shall be confidential and closed to all persons other than the parties of record, their legal representatives, and persons invited or permitted by the mediator," though the law may otherwise require or authorize the disclosure of information. Ind. ADR R. 2.11. Confidentiality cannot be waived. *Id.* "Mediation shall be regarded as settlement negotiations governed by Indiana Evidence Rule 408." *Id.* The Indiana and federal rules are nearly identical and generally render evidence of conduct or statements made in compromise negotiations inadmissible. Ind. R. Evid. 408; Fed. R. Evid. 408.

"Indiana judicial policy strongly urges the amicable resolution of disputes" and embraces "a robust policy of confidentiality of conduct and statements made during negotiation and mediation." *Horner v. Carter*, 981 N.E.2d 1210, 1212 (Ind. 2013). "Settlement negotiation[s] are of course confidential for most purposes[.]" *In re Young*, 253 F.3d 926, 927 (7th Cir. 2001). The court puts no stock in the insurers' argument that the mediation statements should not be treated as confidential. At the same time, IRG argues through the lens of the local rules for exclusion, but all parties pass over the incorporated additional rule, Indiana ADR Rule 2.10: "Upon motion by either party and hearing, the court may impose sanctions against any attorney, or party representative who fails to comply with these mediation rules, limited to assessment of mediation costs and/or attorney fees relevant to the process." No one argues that this rule binds the court's broad inherent powers to a type of sanction, including witness exclusion, and the district's local rules expressly allow the court to "order[] otherwise."

3

Mr. West performed consulting services for McLarens and Charles Taylor (retained independent adjusters) and the insurers. He currently serves as the President of R.A. West Associates, Inc—an environmental consulting firm that specializes in insurance-related environmental issues investigation and management. He has engaged in this line of work for eighteen years. He inspected the facility where the flood occurred and offers opinions about polychlorinated biphenyl (PCB) contamination and environmental damages.

Mr. West attended the June 23, 2020 mediation. Both sides brought technical experts to mediation to facilitate a productive exchange of information. One IRG attorney attests that Mr. West had access to the company's mediation brief, listened to its presentations and a settlement offer, and asked questions of the company's representatives [ECF 147-1]. The insurers respond with a counter declaration of their attorney [ECF 158]. He reports that Mr. West's involvement was restricted to providing information to a joint session of all participants about environmental remediation. He attests that Mr. West did not have access to nor was provided mediation briefs, IRG's PowerPoint presentation, or any information concerning settlement proposals from any party. He says when the insurers discussed making a settlement demand to IRG, Mr. West left the room.

IRG doesn't show or even state that Mr. West actually reviewed its mediation brief. IRG hasn't pointed to evidence that Mr. West relied on settlement discussions in his report or any confidential information from the mediation exchanges, nor has IRG pointed to case law where mere presence in the settlement process, particularly of the limited scale here, requires exclusion. Experts sometimes attend mediation for sound reasons, and Mr. West's participation as a technical consultant isn't enough alone to say his testimony or opinion is based on settlement information or risks disclosing confidential information. The court denies IRG's motion as to Mr. West on this record.

Mr. Provencher, intending to opine about insurance customs and practices, wasn't present at mediation but received IRG's and the insurers' mediation statements and exhibits. No sound explanation

4

is given why he received these materials. Mr. Provencher's report says he reviewed IRG's and the insurers' mediation statements and exhibits in preparing his opinions. He further confirmed this in his deposition. When asked if Mr. Provencher recalled seeing the "confidential" and "settlement purposes only" designation atop IRG's mediation statement, he responded that he didn't recall seeing it. The court views his testimony as belying the insurers' view of the facts. More worrying yet, when asked if he relied on these materials (along with the others noted in his report), he said "Yes, sir."

IRG argues that Mr. Provencher was improperly privy to its factual and legal arguments as to coverage and its bad faith claim. Mr. Provencher said he not just reviewed but relied on the mediation statements, and IRG points out that he seeks to opine on the very subjects covered by the company's mediation statement. That said, outside broad generalizations, IRG hasn't identified what exactly in its mediation statement was utilized inappropriately by Mr. Provencher. Mr. Provencher's proposed testimony largely offers a point-by-point rebuttal of David Frangiamore as to whether the insurers followed industry customs and practices. Mr. Provencher's report is relatively straightforward. He recounted the facts of the case—none of which would seem to be other than those discoverable during negotiation or litigation. And his opinions focus on the insurers' conduct and how they acted during the adjustment of the claim to rebut Mr. Frangiamore's testimony. Thus, a large portion of Mr. Provencher's opinions seemingly focuses on Mr. Frangiamore's statements and the facts on which he relied; and reasonably could be more limited based on the likely scope of trial.

IRG relies on case law outside this circuit for its exclusion request—mainly *Irwin Seating Co. v. IBM*, 2006 U.S. Dist. LEXIS 86988, 2-11 (W.D. Mich. Nov. 29, 2006)—where the court struck two experts after they received not only the other side's confidential mediation statement, but a statement highlighted by the other side as to those portions that it considered most important. One expert read the statement, whereas the other affirmatively cited the statement. In that court's reasoned view, the bell had been rung and could not be unrung. At the start, today's case sits in the middle—Mr. Provencher not just

read but relied on IRG's confidential mediation statement by his own admission, though without the disclosure of the same level of work product and mental impressions of counsel as occurred in *Irwin*.

Courts in other circuits have decided against exclusion, though often when facts have otherwise been disclosed in discovery or when an expert errantly received, even read, the mediation statement, but never relied on it to form opinions, or it contained nothing of moment that could conceivably have been used by the expert. *See, e.g.*, *U.S. Iron Fla., LLC v. Gma Garnett USA Corp.*, 2023 U.S. Dist. LEXIS 60538, 5-6 (N.D. Fla. Feb. 21, 2023); *McLean v. Air Methods Corp.*, 2014 U.S. Dist. 9145, 17-20 (D. Vt. Jan. 24, 2014); *Kuithe v. Gulf Caribe Mar., Inc.*, 2009 U.S. Dist. LEXIS 106445, 1-3 (S.D. Ala. Nov. 13, 2009). Under such circumstances, there would be no need for crossexamination based on otherwise confidential settlement communications, nor would there be the onerous, if not impossible, task of parsing in what way the confidential communications framed or affected the expert's opinions.

Given the sanctity of the mediation process, its protection in law as confidential, and the imprimatur of this process by the court through its local rules, the court remains troubled by the disclosure of confidential information to Mr. Provencher and his reliance on that information. The court will conduct a brief evidentiary hearing to hear testimony from Mr. Provencher on this front and coordinate with counsel during the preliminaries on day one to set this hearing, likely a morning before a trial day. If tintinnabulations linger, the court will address any appropriate sanction.

## CONCLUSION

Accordingly, the court DENIES IN PART IRG's motion to exclude Robert West on the basis of his mediation participation and DEFERS IRG's motion to exclude Gerald Provencher on this basis pending an evidentiary hearing [ECF 146].

SO ORDERED.

May 12, 2023                                        *s/ Damon R. Leichty*
                                                              Judge, United States District Court