UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-cv-227 DRL |

PROPOSED VOIR DIRE

Good morning, ladies and gentlemen. I am Judge Damon R. Leichty. I welcome you this morning as the panel from which a jury will be selected for the trial of this case.

Before we begin, I want to take a moment and emphasize the importance of our gathering this morning. A jury trial is one of our most revered rights in the United States. So important it is, the United States Constitution enshrines the right four times—in Article III and in the Fifth, Sixth, and Seventh Amendments.

By appearing here today, you are exercising your individual rights. You are upholding the very foundation of our Constitution. Most countries don't have jury trials. A jury trial makes us unique—it helps define us as Americans. "Representative government and trial by jury are the heart and lungs of liberty," John Adams once said, so you are breathing life into our country every time you serve. The court thanks you for your time and hopes that performing this role is something that brings you pride.

I now have the privilege of introducing you to some of the people who will be involved in this trial. Seated here in front of the bench on my left is Debra Bonk. She is the court reporter. Her job is to take down everything that is said during the course of this trial. That includes the jury selection portion of the trial. In a few moments, we will be asking some of you questions about your

qualifications to sit as jurors in this case. We ask that you speak up clearly so that Ms. Bonk can hear your answers; and, if I do not call you by name, please state your name along with your answer so that her notes make sense.

The woman seated to my right is DeAndra Kirkwood. She is the deputy clerk for this courtroom. Also to my right sits Hayley Sears, who serves this court as a law clerk. Seated throughout the courtroom in the blue blazers are the court security officers. If any of you have any problems arise during the course of the trial, let the officers know; they will inform me, and we will try to handle the problem in that way.

I will now introduce you to the parties involved in this trial. Indiana GRQ, LLC, is the plaintiff, and it is represented by Mark Miller, Brian Friel, Benjamin Massarsky, and Clint Zalas. The defendants are American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, and Ironshore Specialty Insurance Company. Interstate Fire & Casualty Company is represented by David Schroeder and Mitchell Orpett. The remaining insurance companies are represented by David Heiss and Peter Kanaris.

We anticipate that this trial will take nine days to complete, beginning today, May 16, 2023, and ending Friday, May 26, 2023. I will make every effort to move this case along as efficiently as I can.

This is the procedure by which some of you will be selected as jurors in this case. First, you will all be asked to take an oath or affirmation that your answers will be truthful. Following that, I will address a number of questions to all of you as a group, and I may ask some of you follow-up questions based on the questionnaires that you filled out. I will also ask you questions about your views on some issues that may be involved in this case and that might affect the evaluation of the evidence. Your only obligation is to answer questions truthfully.

The questions I ask are not intended to be offensive, overly personal, or prying. The parties in this case, Indiana GRQ and the seven insurance companies, have a right to have this case tried by qualified jurors who will, without bias or sympathy, objectively hear and decide the issues to be tried, and render a verdict solely on the basis of the evidence presented at trial, and the law applicable to the case as given by the court. My questions are designed to ensure that a jury is selected of persons who can fairly and honestly do the job of jurors.

In addition, the attorneys will be allowed to exclude a limited number of people without offering a reason. They do not have to tell you the reason; they do not have to tell me the reason; they do not even have to have a reason. You should not be offended if you are excused for no apparent reason.

At this time, it is necessary for you to be placed under oath. Listen carefully as Ms. Kirkwood administers the oath; and remember that we know very little about you, and that we depend upon the answers you give to determine whether you are qualified to serve as a fair and impartial juror in this case.

1.

Before administering the oath, are there any among you who, for whatever reason, cannot take an oath?

(*oath administered*)

There are no right or wrong answers to the questions I am going to ask. We all have different experiences, perspectives, and opinions, and I do not expect anything from you as to what your answers ought to be. Keep in mind that your only obligation is to answer truthfully. When you need to answer, please raise your hand and then I will direct you to the microphone so that the court may hear you at the appropriate time. If you do not understand a question or cannot hear me, please let me know. Please let me know if for any reason you are uncomfortable with answering a question

publicly, because if so, then we can address your response privately through a bench conference with counsel. In that event, I will give you special instructions to follow.

2.

This trial is anticipated to take nine days to complete, starting around 9:30 a.m. and concluding around 5:00 p.m. Though I understand this may be of some inconvenience to many of you, we cannot let good jurors go simply for that reason. That said, would this schedule present any undue hardship to anyone?

[*If yes*], would the scheduling conflict prevent you from paying attention to the evidence introduced? Would it keep you from being able to serve in a fair and impartial manner, putting personal feelings aside?

3.

Do any of you suffer from problems of hearing or sight that would keep you from seeing and hearing the witnesses as they testify from this witness stand, if you were sitting in the jury box?

4.

Do any of you suffer from any physical problems that would keep you from sitting in the jury box and devoting your full attention to the proceedings for as long as two hours at a stretch?

5.
[*Explanation of Case*]

This is a civil case brought by Plaintiff Indiana GRQ against Defendants American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, and Ironshore Specialty Insurance Company. The parties will do a fine job of explaining their legal and factual arguments to you, but I want to explain a little bit about the case so you will understand what you will be asked to do if you are chosen as a juror.

Indiana GRQ owns property located at 701 West Chippewa Avenue in South Bend, Indiana. IRG Realty Advisors, LLC manages the facility. IRG purchased a lead insurance policy called the Zurich EDGE Policy from all seven insurers through a quota-share program where the insurers share coverage according to their assigned and fixed percentages. Each insurance company also issued its own policy.

On August 15 and 16, 2016, heavy rain caused flooding at Indiana GRQ's South Bend facility. Indiana GRQ sought insurance coverage for the damage. Coverage disputes arose.

Indiana GRQ claims the insurers breached the insurance policies by not paying the full amount owed for damage to Indiana GRQ's electrical equipment and for environmental remediation. Indiana GRQ also claims the insurers acted in bad faith. The insurers deny they breached any contractual obligation, deny they acted in bad faith, and dispute Indiana GRQ's damages.

I'll tell you more about the law after we've chosen a jury. At the end of the trial, the jury will have to decide whether Indiana GRQ has proven by a preponderance of the evidence that the insurers breached their contractual obligations under the insurance policies and whether Indiana GRQ has proven by clear and convincing evidence that the insurers acted in bad faith. In making these decisions, the jury will be expected to consider all of the evidence in the case.

6.

Do any of you remember reading or hearing anything about this case?

7.

Do you know any of the attorneys involved in this case, even on a casual basis? [*Mark Miller, Brian Friel, Benjamin Massarsky, Clint Zalas, David Heiss, Peter Kanaris, David Schroeder or Mitchell Orpett*].

Please describe the relationship/acquaintance. Do you believe that your relationship might cause you to favor one side or the other in this case? If yes, please explain.

8.

Do any of you know any member of my judicial staff?

9.

Do any of you know another person sitting in the jury panel?

10.

In addition to the parties and the attorneys, there are other persons whose names will be mentioned during the trial. Some of these persons may testify as witnesses; others may simply be mentioned without testifying. I am going to read to you a list of persons whose names may be mentioned during the trial. Please listen carefully to the list as I read it, and when I am done I will be asking whether any of you know or think you may know any of the persons on this list:

- Dan Wilson
- Thomas Lovisa
- Terry Barker
- Jeffrey Pope
- Steve Benson
- Adam Breden
- Justin Lichter
- Mark Miley
- Micah Thoman
- Stuart Stromeyer
- Shawn Keating
- Keith Hargan
- Jeffrey Pikel
- Ben Rosolowski
- Edwin Wickman
- Ian Ostrowski
- Lacey Lord
- Quentin Gudeman
- Joseph Wallwork
- Tod Delaney
- David Frangiamore
- Ken Kutchek
- Peter Yanson
- Jerry Graf

- Kenneth McDaniel
- Michael Schroader
- Robert West
- Chaz Mello
- Paul Christoferson
- Dolores Varela
- Christopher Kelly
- Chip Dickerson
- Gerald Provencher

Do any of you know or think you may know any of the persons just named? Please describe the relationship/acquaintance.

11.

Are any of you or your immediate family members employed or ever been employed by Indiana GRQ, LLC or IRG Realty Advisors, LLC? [*If yes:*]

a. What was the nature of the employment relationship?

b. When did it occur?

c. Do you believe that this relationship might cause you to favor one side or the other in this case?

12.

The loss at issue today occurred at the Studebaker Business Center located at 701 West Chippewa Avenue in South Bend, Indiana. Have any of you or your immediate family members worked at the Studebaker Business Center?

13.

Are any of you or your immediate family members employed or even been employed by American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, or Ironshore Specialty Insurance Company? [*If yes:*]

  a.  What was the nature of the employment relationship?

  b.  When did it occur?

  c.  Do you believe that this relationship might cause you to favor one side or the other in this case?

14.

Have you or any of your immediate family members ever had any dealings with American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, or Ironshore Specialty Insurance Company or carried any insurance there?

[*If yes:*] Did you or your family member have any negative experiences with any of these insurance companies?

15.

Have you or any of your immediate family members ever worked for or on behalf of an insurance company, insurance agency, or insurance broker?

16.

Were any of you affected by the flood that occurred on August 15 and 16, 2016 in and around the South Bend area?

[*If yes:*] As a result, did any property you own have damage?

17.

Have you or any of your immediate family members ever submitted a claim to an insurance company for property damage?

8

18.

Have you or any of your immediate family members had a negative experience in processing a claim with an insurance company?

19.

Have you or any of your immediate family members ever been affected by a natural phenomenon or disaster, or been involved in aftermath cleanup from a natural phenomenon or disaster?

20.

Have you had any experience with polychlorinated biphenyls (PCBs) or asbestos?

21.

Have you ever owned your own business?

22.

Would you surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict?

23.

The fact that the defendants in this case are insurance companies must not affect your deliberations or decision. Similarly, the fact that the plaintiff in this case is a business must not affect your deliberations or decision. Do you have any problem treating companies just as you would treat an individual?

24.

Do you believe that a defendant in a lawsuit, whether an insurance company or not, must have done something wrong?

25.

Would any of you award the plaintiff damages just because you think the insurance companies would be able to afford it more easily?

26.

I would like each of you to briefly introduce yourselves. Please rise, come to the microphone, tell us what city or town you live in, what you do for a living, a little bit about your family, and what you like to do with your time.

[*Ask questions based on individual questionnaires.*]

27.

In a civil case, the plaintiff goes first. Will you all promise that you will wait to hear all the evidence, including the defendant's evidence, and maintain an open mind, before you reach any conclusion about who, if anyone, is responsible?

28.

It is your obligation to follow my instructions about the law, whether you agree with the law or not. If you were to find that you disagreed with the law, you must still follow that law and reach a verdict by applying that law to the evidence. Is there anyone here who could not do so?

29.

Finally, it may be that you know something that we don't know that troubles you about your ability to be a fair and attentive juror in this case. If there is anything about *this* case, involving *these* claims, in a trial held *this* week, with *these* people, that troubles you about your ability to be a fair, impartial, and attentive juror, please raise your hand.

30.

[*Consider any follow-up questions from counsel to be asked of the entire venire.*]