UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-cv-227 DRL |

PROPOSED PRELIMINARY JURY INSTRUCTIONS

1.

Ladies and gentlemen: You are now the jury in this case. Over the next few minutes, I am going to describe your duties as jurors and give you some instructions to guide your participation in the trial.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now. Those instructions will control your deliberations.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it you, apply it to the facts, and decide if the plaintiff, Indiana GRQ, LLC, who may at times be referred to as IRG, has proven its case against the defendants, American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, and Ironshore Specialty Insurance Company. These are your duties, and yours alone.

You must perform these duties fairly and impartially. You should not take anything I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**

2.

The trial will proceed in the following manner:

First, Indiana GRQ's attorney will make an opening statement. Next, the insurers' attorneys will make opening statements. An opening statement is not evidence. Rather, it is a summary of what each side's attorney expects the evidence will show.

After the opening statements, Indiana GRQ will call witnesses and present evidence. Then, the defense will have an opportunity to call witnesses and present evidence.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**

3.

The plaintiff, Indiana GRQ, sued the defendants after flooding damaged its South Bend facility. Indiana GRQ owns the facility and IRG Realty Advisors, LLC manages it. IRG purchased a lead insurance policy called the Zurich EDGE Policy from all seven insurers through a quota-share program where the insurers share coverage according to their assigned and fixed percentages. Each insurance company also issued its own policy.

Indiana GRQ claims the insurers breached the lead policy, and those issued by each insurer, by not paying the full amount owed for damage to Indiana GRQ's electrical equipment and for environmental remediation. Indiana GRQ must prove this claim by a preponderance of the evidence.

Indiana GRQ also claims the insurers acted in bad faith. Indiana GRQ must prove the liability of the insurers by clear and convincing evidence.

The insurers deny they breached any contractual obligation, deny they acted in bad faith, and dispute Indiana GRQ's damages. The insurers are not required to disprove Indiana GRQ's claims.

**Indiana Model Civil Jury Instructions § 3301 (2023) (modified); Certain Insurers Proposed Jury Instruction No. 1 (modified) [ECF 140 at 8-9].**

4.

A breach of contract occurs when a party fails to perform all the duties it agreed to do.

**Indiana Model Civil Jury Instructions § 3307 (2023).**

5.

To succeed on a breach of contract claim, Indiana GRQ must prove each of the following things by a preponderance of the evidence:

1. The parties entered into a contract;
2. Indiana GRQ performed its part of the contract;
3. An insurer failed to perform its part of the contract;
4. That insurer's breach of contract damaged Indiana GRQ;
5. The parties reasonably anticipated these damages when they entered into the contract; and
6. That insurer's breach of contract was a responsible cause of these damages.

If you find that Indiana GRQ has proven each of these things by a preponderance of the evidence as to a defendant, your verdict should be for Indiana GRQ and you should consider the question of damages as to that defendant.

If you find that Indiana GRQ has failed to prove any one of these things by a preponderance of the evidence as to a defendant, your verdict should be for that defendant and you will not consider the question of damages as to that defendant.

**Indiana Model Civil Jury Instructions § 3309 (2023).**

6.

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Civil Jury Instruction 1.27 (2017).**

7.

An insurer must deal in good faith with its insured. To prove a bad faith claim, Indiana GRQ prove each of the following things by clear and convincing evidence:

1. There was no legitimate basis for an insurer's conduct;

2. That insurer acted with dishonest purpose, furtive design, or ill will; and

3. That insurer's conduct was a responsible cause of damages to Indiana GRQ.

If you find that Indiana GRQ has proven each of these things by clear and convincing evidence as to a defendant, your verdict should be for Indiana GRQ and you should consider the question of damages as to that defendant.

If you find that Indiana GRQ has failed to prove any one of these things by clear and convincing evidence as to a defendant, your verdict should be for that defendant and you will not consider the question of damages as to that defendant.

**WellPoint, Inc. v. Nat'l Union Fire Ins. Co., 29 N.E.3d 716, 727 (Ind. 2015) ("To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability."); Monroe Guar. Ins. Co. v. Magwerks Corp., 829 N.E.2d 968, 977 (Ind. 2005) (A "finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.") ("In Hickman we specifically declined to determine the precise extent of an insurer's duty to deal in good faith."); Erie Ins. Co. v. Hickman, 622 N.E.2d 515, 518 (Ind. 1993) ("The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of**

his claim."); Indiana GRQ's Proposed Jury Instruction No. 18 (modified) [ECF 140 at 6]; Certain Insurers Proposed Jury Instruction No. 17 (modified) [ECF 140 at 15].

8.

When I say a particular party must prove something "by clear and convincing evidence," this is what I mean: when you have considered all the evidence in the case, you must be persuaded that the facts supporting that claim are highly probable. Proof by clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence.

**Indiana Model Civil Jury Instructions § 113 (2023) (modified); Seventh Circuit Pattern Civil Jury Instructions. No. 1.28 (2017) (modified); Certain Insurers Proposed Jury Instruction No. 8 (modified) [ECF 140 at 12].**

9.

You must give separate consideration to each claim and each party in this case.

**Seventh Circuit Civil Jury Instruction 1.25 (2017) (modified).**

10.

The evidence will consist of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations. A stipulation is an agreement between both sides that certain facts are true.

**Seventh Circuit Civil Jury Instruction 1.04 (2017) (modified).**

11.

The parties have stipulated, or agreed, that certain facts are true. You must treat these facts as having been proven for the purpose of this case:

1. Indiana GRQ, LLC owned a manufacturing facility at 701 West Chippewa Avenue in South Bend, Indiana (Facility).
2. The Facility occupies approximately 1 million square feet.
3. IRG Realty Advisors, LLC manages the Facility.
4. Defendant Insurance Companies are American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance

    Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, and Ironshore Specialty Insurance Company.

5.  Interstate Fire & Casualty Company issued a separate policy to plaintiff, for the 2016-2017 policy year, accepting 10 percent of the risk, or a limit of $3 million.

6.  The loss occurred on August 15-16, 2016 when 7.69 inches of rain fell in an eight to twelve hour period and caused flooding that impacted, among other things, the South Bend Facility.

7.  As a result, the loss investigation was originally coordinated by claims professionals from American Guarantee and Liability Insurance Company, including American Guarantee's National General Adjuster Shawn Keating.

8.  Representatives of the DeHayes Group also met with representatives of the insurance team during the pendency of the claim.

9.  At the time of the loss, Indiana GRQ had eleven electrical transformers in six substations below grade at the Facility.

**Seventh Circuit Civil Jury Instruction 2.05 (2017) (modified); Final Pretrial Order [ECF 180]; Agreed Instruction No. 2 [ECF 140 at 1].**

12.

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question, regardless of who introduced it.

**Seventh Circuit Civil Jury Instruction 1.08 (2017).**

13.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury may make reasonable inferences based on the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.11 (2017) (modified).**

14.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Civil Jury Instruction 1.12 (2017) (modified).**

15.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; the witness's age; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.13 (2017) (modified).**

16.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Civil Jury Instruction 1.17 (2017).**

17.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Civil Jury Instruction 1.18 (2017).**

18.

Certain things are not to be considered as evidence. I will list them for you:

First, if I tell you to disregard any testimony or exhibits or strike any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may see or hear outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may see or hear. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Civil Jury Instruction 1.06 (2017).**

19.

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Civil Jury Instruction 1.07 (2017).**

20.

At times during the trial I may need to talk with the attorneys here at the bench out of your hearing, through a headset system, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

Of course, the court will do what it can to keep the number and length of these conferences to a minimum, but please remember the importance of the matter you are here to determine and be patient though the case might seem to move slowly at times.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**

21.

All jurors must follow certain rules of conduct, and you must follow them, too.

First, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.

**Seventh Circuit Civil Jury Instruction 2.01 (2017) (modified).**

Second, you must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

**Seventh Circuit Civil Jury Instruction 2.02 (2017) (modified).**

Third, if you need to communicate with me, you must give a signed note to the court security officer to give to me.

Fourth, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials. Do not make any investigation about the case on your own.

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then. The trial will now begin.

**Seventh Circuit Civil Jury Instruction Sample Preliminary Instruction (2017) (modified).**