IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF
INDIANA SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC, ) | |
| ) | |
| Plaintiff, ) | Cause No. 3:21-cv-00227-DRL-MGG |
| ) | |
| v. ) | |
| ) | |
| AMERICAN GUARANTEE AND ) | |
| LIABILITY INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF INDIANA GRQ, LLC'S BRIEF IN SUPPORT OF THE INCLUSION OF INFLATION IN PLAINTIFF'S ENVIRONMENTAL DAMAGES**

Pursuant to the Court's May 16, 2023 instruction to the Parties during the first day of trial, Plaintiff Indiana GRQ, LLC ("IRG") hereby files its Brief in Support of the Inclusion of Inflation in Plaintiff's Environmental Damages. As explained more fully below, IRG's inclusion of well recognized and publicly available inflation data to adjust its environmental damages is fully consistent with the Court's May 10, 2023 Opinion and Order [ECF 182] (the "May 10 Order") as well as recognized practice in Indiana.

**ARGUMENT**

The Court's May 10 Order addressed the issue of whether IRG could include inflation when asserting its damages in this case. In its discussion on Defendant Insurers' Motion in Limine No. 1 with respect to IRG's electrical claim, the Court endorsed the addition of inflation to IRG's previously disclosed electrical damages, explaining that "inflation's operation would in truth be no surprise to either side" because "[n]o one needs an economist, actuary, or other expert to assess inflation reasonably." ECF 182 at p. 9 (citing *K Mart Corp. v. Beall*, 620 N.E.2d 700, 707 (Ind.

Ct. App. 1993)). The Court further opined that for "sophisticated parties such as these it could reasonably be anticipated using current inflation rates" to determine damages. ECF 182 at p. 9. Accordingly, the Court permitted IRG to present its electrical damages adjusted for inflation. This decision was in accord with Indiana caselaw. *See Colonial Disc. Corp. v. Berkhardt*, 435 N.E.2d 65, 67 (Ind. Ct. App. 1982) ("An awareness of general inflation and a constant depreciation and cheapening of money is within the zone of discretion given the trier of facts when assessing damages"); *Richmond Gas Corp. v. Reeves*, 158 Ind. App. 338, 369, 302 N.E.2d 795, 815 (Ind. Ct. App. 1973) (same); *Kern v. Radez*, 665 F. Supp. 2d 982, 987 (S.D. Ind. 2009) ("[f]actors such as…rate of inflation, present value… are relevant and admissible evidence") (quoting *Ashland Pipeline Co. v. Indiana Bell Telephone Co.*, 505 N.E.2d 483 (Ind. App. 1987)).

The same result is warranted for IRG's environmental damages. Just as inflation causes pricing changes to electrical equipment, so too does inflation cause changes in the price of equipment necessary for environmental remediation. Similarly, environmental remediation also involves labor price inflation changes as well as the inflation attributable to an increase in materials prices. In both instances, IRG is entitled to an adjustment for inflation.

During the preliminaries session on the first day of trial, IRG explained that its environmental damages included an adjustment for inflation that had been calculated using government data and widely accepted and utilized inflation data from CBRE, a global real estate company that monitors labor and construction costs. This adjustment raised IRG's environmental damages—originally calculated in 2020—from $11.16 million to $13.56 million. This resulted from application of two rates. First, IRG applied the 27.9% rate for labor and construction for non-residential properties for the relevant period in the CBRE Construction Cost Index. *See* CBRE Construction Cost Index (Annual Increases by Scenario), available at

2

https://www.cbre.com/insights/books/us-real-estate-market-outlook-2023/construction-costs. As IRG's environmental contamination and remediation expert Dr. Delaney will testify, this rate is relevant to numerous types of activities called for in IRG's itemized environmental damages. Second, IRG applied the default United States Government Consumer Price Index of 17.7% for the relevant period for lab work and other types of activities that are not covered by the CBRE Construction Cost Index. *See* CPI Inflation Calculator, United States Bureau of Labor Statistics, available at https://www.bls.gov/data/inflation_calculator.htm. The $13.56 million damages number is thus grounded in well-known and widely used metrics. To the extent any issue is raised by Defendant Insurers as to this number, it is an appropriate subject for cross examination.

## **CONCLUSION**

For the reasons stated above, IRG respectfully requests that the Court permit IRG's environmental damages to include an adjustment for inflation.

DATED this 17th day of May 2023                    Respectfully submitted,

/s/ *Mark E. Miller*
Mark E. Miller
Brian G. Friel
Benjamin W. Massarsky
William T. O'Neil
MILLER FRIEL, PLLC
2445 M Street NW, Suite 910
Washington, DC  20037
Tel: (202) 760-3160
Fax: (202) 459-9537
millerm@millerfriel.com
frielb@millerfriel.com
massarskyb@millerfriel.com
oneilw@millerfriel.com

Clint A. Zalas
LEE, GROVE and ZALAS
54391 30th Street
South Bend, Indiana 46635
Tel: (574) 232-5923
Fax: (574) 232-5942
cazalas@lgzlegal.com

*Attorneys for Plaintiff Indiana GRQ, LLC*

## **CERTIFICATE OF SERVICE**

     I, Benjamin W. Massarsky, hereby certify that on May 17, 2023, a copy of the foregoing was served electronically on the parties listed below:

>Peter E. Kanaris
>David E. Heiss
>Hinshaw & Culbertson LLP
>151 N. Franklin Street, Suite 2500
>Chicago, Illinois 60606
>dheiss@hinshawlaw.com
>pkanaris@hinshawlaw.com
>
>Jennifer J. Kalas
>Hinshaw & Culbertson, LLP
>322 Indianapolis Blvd.
>Suite 201
>Schererville, IN 46375
>Tel: (219) 864-4521
>Fax: (219) 864-5052
>jkalas@hinshawlaw.com
>
>Mitch Orpett
>David Schroeder
>Tribler Orpett & Meyer P.C.
>225 West Washington, Suite 2550
>Chicago, IL 60606
>maorpett@tribler.com
>deschroeder@tribler.com

                                                           /s/ *Benjamin W. Massarsky*
                                                           Benjamin W. Massarsky