UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

INDIANA GRQ, LLC,

Plaintiff,

v.                                                                    CAUSE NO. 3:21-cv-227 DRL

AMERICAN GUARANTEE AND
LIABILITY INSURANCE COMPANY *et al.*,

Defendants.

PROPOSED FINAL JURY INSTRUCTIONS

1.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. Do not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Civil Jury Instruction 1.01 (2017) (modified).**

2.

The plaintiff, Indiana GRQ, LLC, sued the defendants after flooding damaged its South Bend facility. Indiana GRQ owns the facility. IRG Realty Advisors, LLC manages the facility. IRG purchased a lead insurance policy called the Zurich EDGE Policy from all seven insurers through a quota-share program where the insurers share coverage according to their assigned and fixed percentages. Each insurance company also issued its own policy.

Indiana GRQ claims the insurers breached the lead policy, and those issued by each insurer, by not paying the full amount owed for damage to Indiana GRQ's electrical equipment and for environmental remediation. Indiana GRQ must prove this contract claim by a preponderance of the evidence. Indiana GRQ also claims the insurers acted in bad faith. Indiana GRQ must prove the liability of the insurers for its bad faith claim by clear and convincing evidence.

The insurers deny they breached any contractual obligation, deny they acted in bad faith, and dispute Indiana GRQ's damages. The insurers are not required to disprove Indiana GRQ's claims.

**Indiana Model Civil Jury Instructions § 3301 (2023) (modified); Certain Insurers Proposed Jury Instruction No. 1 (modified) [ECF 140 at 8-9].**

3.

A breach of contract occurs when a party fails to perform all the duties it agreed to do.

**Indiana Model Civil Jury Instructions § 3307 (2023) (modified).**

4.

To succeed on a breach of contract claim, Indiana GRQ must prove each of the following things by a preponderance of the evidence:

1.    The parties entered into a contract;

2.    Indiana GRQ performed its part of the contract;

3.    An insurer failed to perform its part of the contract;

4.    That insurer's breach of contract damaged Indiana GRQ;

5.      The parties reasonably anticipated these damages when they entered into the contract; and

6.      That insurer's breach of contract was a responsible cause of these damages.

If you find that Indiana GRQ has proven each of these things by a preponderance of the evidence, your verdict should be for Indiana GRQ and you should consider the question of damages as to this claim.

If you find that Indiana GRQ has failed to prove any one of these things by a preponderance of the evidence, your verdict should be against Indiana GRQ and you will not consider the question of damages as to this claim.

**Indiana Model Civil Jury Instructions § 3309 (2023) (modified).**

5.

To prove a bad faith claim, Indiana GRQ must prove each of the following things by clear and convincing evidence:

1.      There was no legitimate basis for an insurer's conduct;

2.      That insurer acted with dishonest purpose, furtive design, or ill will; and

3.      That insurer's conduct was a responsible cause of damages to Indiana GRQ.

If you find that Indiana GRQ has proven each of these things by clear and convincing evidence as to a defendant, your verdict should be for Indiana GRQ and you should consider the question of damages for this claim as to that defendant.

If you find that Indiana GRQ has failed to prove any one of these things by clear and convincing evidence as to a defendant, your verdict should be for that defendant and you will not consider the question of damages for this claim as to that defendant.

***WellPoint, Inc. v. Nat'l Union Fire Ins. Co.***, 29 N.E.3d 716, 727 (Ind. 2015) ("To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability."); ***Monroe Guar. Ins. Co. v. Magwerks Corp.***, 829 N.E.2d 968, 977 (Ind. 2005) (A "finding of bad faith requires evidence

of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.") ("In *Hickman* we specifically declined to determine the precise extent of an insurer's duty to deal in good faith."); *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993) ("The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (l) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim."); Indiana GRQ's Proposed Jury Instruction No. 18 (modified) [ECF 140 at 6]; Certain Insurers Proposed Jury Instruction No. 17 (modified) [ECF 140 at 15].

6.

An insurer must deal in good faith with its insured. An insurer's duty of good faith and fair dealing in performing its contract includes an obligation not to make an unfounded refusal to pay policy proceeds, cause an unfounded delay in making payment, deceive the insured, or exercise any unfair advantage to pressure an insured into a settlement of the claim. You should consider all the evidence in deciding whether an insurer acted in bad faith.

*WellPoint,* 29 N.E.3d at 727 ("To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability."); *Magwerks Corp.*, 829 N.E.2d at 977 (A "finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.") ("In *Hickman* we specifically declined to determine the precise extent of an insurer's duty to deal in good faith."); *Hickman,* 622 N.E.2d at 518 ("The obligation of good faith and fair dealing with respect to the discharge of the insurer's contractual obligation includes the obligation to refrain from (l) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim."); Indiana GRQ's Proposed Jury Instruction No. 18 (modified) [ECF 140 at 6].

7.

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Seventh Circuit Civil Jury Instruction 1.27 (2017).**

8.

When I say a particular party must prove something "by clear and convincing evidence," this is what I mean: when you have considered all the evidence in the case, you must be persuaded that the facts supporting that claim are highly probable. Proof by clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence.

**Indiana Model Civil Jury Instructions § 113 (2023) (modified); Seventh Circuit Pattern Civil Jury Instructions. No. 1.28 (2017) (modified); Certain Insurers Proposed Jury Instruction No. 8 (modified) [ECF 140 at 12].**

9.

A person's conduct is legally responsible for causing damages if:

1.    The damages would not have occurred without the conduct; and

2.    The damages were a natural, probable, and foreseeable result of the conduct.

This is called a "responsible cause."

**Indiana Model Civil Jury Instructions § 3311 (2023); *Erie Ins. Co.*, 622 N.E.2d at 518 ("Easily foreseeable is the harm that proximately results to an insured, who has a valid claim and is in need of insurance proceeds after a loss, if good faith is not exercised in determining whether to honor that claim."); *Berkel & Co. Contractors, Inc. v. Palm & Assocs., Inc.*, 814 N.E.2d 649, 658-59 (Ind. Ct. App. 2004) (quoting *Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.*, 507 N.E.2d 588, 601 (Ind. Ct. App. 1987)) ("test for measuring damages is foreseeability at the time of entry into the contract, not facts existing and known to the parties at the time of the breach").**

10.

If you decide for a defendant on the question of liability, then you should not consider the question of damages for that particular defendant.

**Seventh Circuit Civil Jury Instruction 1.31 (2017) (modified).**

11.

If you decide that an insurer has breached the contract, the measure of Indiana GRQ's damages is the amount that would put Indiana GRQ in the same position it would have been in had the contract been fulfilled.

For its breach of contract claim, Indiana GRQ may only recover the loss actually suffered and should not be placed in a better position than if an insurer had not breached the contract.

**Indiana Model Indiana Model Civil Jury Instructions § 3313 (2023) (modified); *Country Contrs., Inc. v. A Westside Storage of Indianapolis, Inc.*, 4 N.E.3d 677, 694 (Ind. Ct. App. 2014) (mathematical certainty not required for breach of contract damages).**

12.

If you decide that an insurer is liable to Indiana GRQ under Indiana GRQ's bad faith claim, then you must decide the amount, if any, that will fairly compensate Indiana GRQ for any damages that were responsibly caused by that insurer's bad faith conduct.

**Indiana Model Civil Jury Instructions § 703 (2023) (modified); Indiana Model Civil Jury Instructions § 3311 (2023); *Erie Ins. Co.*, 622 N.E.2d at 519 ("In tort, all damages directly traceable to the wrong and arising without an intervening agency are recoverable."); *Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948, 959 (N.D. Ind. 2000) ("This court is not alone in either its recognition that the bad faith cause of action is an intentional tort or its conclusion that a finding of bad faith permits an insured to recover all damages, including emotional damages, proximately caused by the insured's conduct.").**

13.

You should not make duplicative compensatory awards for the same wrong. For any single wrong, Indiana GRQ is only entitled to a single recovery of compensatory damages, regardless of how many defendants could be liable for that single wrong.

Base your decision on the evidence and not on guess or speculation. However, damages need not be proven to a mathematical certainty.

**Indiana Model Civil Jury Instructions § 701; *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018) ("plaintiff is only entitled to a single recovery for a single injury, regardless of how many defendants could be liable for that single injury, or how many different theories of recovery could apply to that single injury"); *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003) ("The law disfavors a windfall or a double recovery. Here, the jury verdict resulted in a recovery in both tort and contract, thus allowing a double recovery for a single wrong.").**

14.

If you find that Indiana GRQ has proven its breach of contract claim by a preponderance of the evidence, you must then consider whether any of the environmental remediation costs are excluded by Interstate Fire & Casualty Company's policy, as to this insurer only.

Interstate Fire & Casualty Company's policy, unlike the policies of the other insurers, does not cover costs for the removal of polychlorinated biphenols (PCBs) or asbestos from Indiana GRQ's South Bend Facility, or for the increased cost of reconstruction, repair, debris removal, or loss of use necessitated by the enforcement of any law regulating such contaminants.

If you find that Interstate Fire & Casualty Company has proven by a preponderance of the evidence that its policy exclusion applies, then you must determine what amount of the environmental damages you award, if any, are excluded by Interstate Fire & Casualty Company's policy as to that defendant only.

**Seventh Circuit Civil Jury Instruction 1.31 (2017) (modified); Interstate's Proposed Jury Instruction No. 4 and 5 (modified) [ECF 140 at 18]; Joint Notice to the Court [ECF 178 at 2] ("Interstate's policy, unlike the other Defendant Insurers' policies, did not cover costs associated with the actual or planned removal of PCBs or asbestos from the Facility. Interstate's PCB/Asbestos/Dioxin exclusion, however, does not apply to testing for PCBs or asbestos or the encapsulation of PCBs or asbestos in the Facility.").**

15.

The insurers argue that any compensatory damages for Indiana GRQ's breach of contract should be reduced because Indiana GRQ did not mitigate its damages. The insurers must prove by a preponderance of the evidence that:

1.    Indiana GRQ did not take reasonable actions to reduce its damages; and

2.    That failure caused an identifiable harm not attributable to the defendants' breach of contract.

**Seventh Circuit Civil Jury Instruction 3.12 (2017) (modified); *Fischer v. Heymann*, 994 N.E.2d 1151, 1157-58 (Ind. Ct. App. 2013) (mitigation used in breach of contract claim).**

16.

If you find for Indiana GRQ on its bad faith claim, you may assess punitive damages against an insurer. Punitive damages may be awarded if you decide that Indiana GRQ proved by clear and convincing evidence that either:

1.      An insurer's actions amount to willful and wanton misconduct; or

2.      An insurer acted maliciously, fraudulently; oppressively, or with gross negligence, and the insurer's actions were not the result of mistake of fact, an honest error of judgment, overzealousness, ordinary negligence, or other human failing.

If you find that punitive damages are appropriate, you must determine the amount of money you believe will be adequate to punish an insurer for what it did to Indiana GRQ and deter that insurer and other insurance companies from similar acts in the future.

In deciding the amount of punitive damages, you may consider the amount of actual or potential harm suffered by Indiana GRQ as a result of an insurer's conduct, the amount of any insurer's financial condition, and the degree of reprehensibility of an insurer's conduct.

**Indiana Model Civil Jury Instructions § 741 (2023) (modified); Indiana Model Civil Jury Instruction § 737 (2023) (modified); Seventh Circuit Civil Jury Instruction 1.25 (2017) (modified).**

17.

The terms in the previous instruction on punitive damages have the following meanings:

"Gross negligence" is a voluntary act or failure to act done with reckless disregard of the consequences to another person.

"Wanton or willful" misconduct is an intentional act or failure to act done with reckless disregard of probable injury to a person, when the defendant knew of that probability and, if the defendant failed to act, it had the opportunity to avoid the risk.

"Malice" is an act or failure to act done intentionally, without legal authority or excuse, and with the intent to injury or harm.

"Fraud" is an act, failure to act, or concealment done knowingly or intentionally to cheat or deceive another person.

"Oppressiveness" is an act or failure to act done in a domineering, overbearing, or controlling manner that subjects another person to a cruel and unjust hardship.

"Reprehensible" means worthy of severe blame, severe criticism, or deserving of severe disapproval.

**Indiana Model Civil Jury Instructions § 739 (2023) (modified); Indiana Model Civil Jury Instructions § 741 (2023) (modified).**

18.

The parties have stipulated, with respect to the breach of contract claim only, that the insurers did not act independent of one another. For the breach of contract action, you will give separate consideration only as to Interstate Fire & Casualty Company's policy exclusion regarding polychlorinated biphenols (PCBs) and asbestos.

As to Indiana GRQ's bad faith claim, you must give separate consideration to each party when assessing liability for this claim and give separate consideration to each party when assessing punitive damages, if any.

**Seventh Circuit Civil Jury Instructions 1.25 (2017) (modified); Joint Notice to the Court [ECF 178 at 2] ("The Parties agree that Defendant Insurers will not introduce any evidence that they acted independently of one another and/or that they should be considered separately, with the exception that Interstate will be allowed to introduce evidence regarding the differences posed by Interstate's PCB/Asbestos/Dioxin exclusion."); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010); *Bosco v. Serhant*, 836 F.2d 271, 281 (7th Cir. 1987) ("Only punitive damages should be assessed separately.").**

19.

Some of the evidence in this case is limited to certain insurers and cannot be considered as to the others.

**Seventh Circuit Civil Jury Instruction 2.03 (2017) (modified).**

20.

A principal is one who authorizes another to act on its behalf, subject to the principal's control. The authorized person or entity is called an agent.

A company acts through its agents. If, within the scope of his authority, a company's agent wrongfully acts or fails to act, the company is liable for that action or inaction.

**Indiana Model Civil Jury Instructions § 3505 (2023); Indiana Model Civil Jury Instructions § 3507 (2023).**

21.

Knowledge of an insurer's agent acquired within the scope of his agency is knowledge of an insurer, regardless of whether the agent shared his knowledge with anyone else.

**Indiana Model Civil Jury Instructions § 3529 (2023) (modified).**

22.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations. A stipulation is an agreement between both sides that certain facts are true.

**Seventh Circuit Civil Jury Instruction 1.04 (2017) (modified).**

23.

The parties have stipulated, or agreed, that certain facts are true. You must treat these facts as having been proven for the purpose of this case:

1.  Indiana GRQ, LLC owned a manufacturing facility at 701 West Chippewa Avenue in South Bend, Indiana (Facility).

2.  The Facility occupies approximately 1 million square feet.

3.  IRG Realty Advisors, LLC manages the Facility.

4.  Defendant Insurance Companies are American Guarantee and Liability Insurance Company, Interstate Fire & Casualty Company, Starr Surplus Lines Insurance

10

Company, Chubb Custom Insurance Company, General Security Indemnity Company of Arizona, Axis Surplus Insurance Company, and Ironshore Specialty Insurance Company.

5.    Interstate Fire & Casualty Company issued a separate policy to plaintiff, for the 2016-2017 policy year, accepting 10 percent of the risk, or a limit of $3 million.

6.    The loss occurred on August 15-16, 2016 when 7.69 inches of rain fell in an eight to twelve hour period and caused flooding that impacted, among other things, the South Bend Facility.

7.    As a result, the loss investigation was originally coordinated by claims professionals from American Guarantee and Liability Insurance Company, including American Guarantee's National General Adjuster Shawn Keating.

8.    Representatives of the DeHayes Group also met with representatives of the insurance team during the pendency of the claim.

9.    At the time of the loss, Indiana GRQ had eleven electrical transformers in six substations below grade at the Facility.

**Seventh Circuit Civil Jury Instruction 2.05 (2017) (modified); Final Pretrial Order [ECF 180]; Agreed Instruction No. 2 [ECF 140 at 1].**

24.

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question, regardless of who introduced it.

**Seventh Circuit Civil Jury Instruction 1.08 (2017).**

25.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury may make reasonable inferences based on the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.11 (2017) (modified).**

26.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Civil Jury Instruction 1.12 (2017) (modified).**

27.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; the witness's age; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.13 (2017) (modified).**

28.

During the trial, certain testimony was presented to you by reading depositions. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

**Seventh Circuit Pattern Civil Jury Instruction 1.05 (2017).**

29.

You have heard witnesses give opinions about matters requiring special knowledge or skill. In order of presentation during the trial:

- Ken Kutchek testified and offered opinions about electrical engineering.

- David Frangiamore testified and offered opinions about insurance industry customs and practices.

- Dr. B. Tod Delaney testified and offered opinions about environmental engineering and the environmental impacts that result from the release of PCBs from transformers.

You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all the other evidence in the case.

**Seventh Circuit Civil Jury Instruction 1.21 (2017).**

30.

You have heard the testimony of witnesses who testified to both facts and opinions. Each of these types of testimony should be given the proper weight. As to their fact testimony, consider the factors for weighing the credibility of witnesses discussed earlier in these instructions. As to their opinions, in deciding how much weight to give to their opinions, you should consider the reasons given for the opinion, the witness's qualifications, and all the other evidence in the case.

*See United States v. Jett*, 908 F.3d 252, 270 (7th Cir. 2018); **Seventh Circuit Civil Jury Instruction 1.21 (2017) (modified).**

31.

You have seen demonstrative exhibits. Certain PowerPoint slides and documents have summarized facts or highlighted portions of documents, diagrams, charts, and schedules. These exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Seventh Circuit Civil Jury Instruction 1.24 (2017) (modified).**

32.

You may consider statements given by parties and witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Seventh Circuit Civil Jury Instruction 1.14 (2017).**

33.

It is proper for a lawyer to meet with any witness in preparation for trial.

**Seventh Circuit Civil Jury Instruction 1.16 (2017).**

34.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Civil Jury Instruction 1.17 (2017).**

35.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Civil Jury Instruction 1.18 (2017).**

36.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Civil Jury Instruction 1.06 (2017).**

37.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Civil Jury Instruction 1.07 (2017).**

38.

Upon retiring to the jury room, select one of your number as your presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

[*Form of verdict read*].

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Seventh Circuit Civil Jury Instruction 1.32 (2017) (modified).**

39.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Seventh Circuit Civil Jury Instruction 1.33 (2017).**

40.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Android, computer, text messaging, WhatsApp, instant messaging, the Internet, chat rooms, blogs, websites, or social networking websites like Facebook, YouTube, Twitter, LinkedIn, SnapChat, Instagram, TikTok, or any other method of communication. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. This would unfairly and adversely impact the judicial process.

**U.S. Judicial Conference Comm. on Court Admin. and Case Mgmt., Proposed Model Jury Instruction on Use of Electronic Technology to Conduct Research or Communicate about a Case (June 2012) (modified).**

41.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss

your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Civil Jury Instruction 1.34 (2017).**