UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| INDIANA GRQ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-cv-227 DRL |

OPINION AND ORDER

Indiana GRQ, LLC sued seven insurance companies after flooding caused environmental and electrical damage to its South Bend facility. After an eight-day trial, the jury found all seven insurers liable on the company's contract and bad faith claims and awarded $24,719,043 in total compensatory damages and $12,500,000 in punitive damages against each insurer.

Before entry of judgment, the insurers asked the court to apply the statutory cap for punitive damages in Indiana. *See* Ind. Code § 34-51-3-4. When asked for the calculus, the insurers argued too that the punitive damages could not stand when the jury had not awarded compensatory damages on the bad faith claim. The court directed the parties to file briefing by June 5 to address the cap and to facilitate the prompt entry of judgment—a not uncommon practice. *See* Fed. R. Civ. P. 58(b)(2); *see, e.g., Williams v. Pharmacia, Inc.*, 926 F. Supp. 791, 792-93, 798 (N.D. Ind. 1996). The court now rules.

"[A]n insured who believes that an insurance claim has been wrongly denied may have available two distinct legal theories, one in contract and one in tort, each with separate, although often overlapping, elements, defenses and recoveries." *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 523 (Ind. 1993). Only a bad faith claim will support a recovery of punitive damages, and there must be compensatory damages on that claim first. *See id.*; *accord Crabtree v. Estate of Crabtree*, 837 N.E.2d 135, 137-38 (Ind. 2005). That said,

"in most instances, tort damages for the breach of the duty to exercise good faith will likely be coterminous with those recoverable in a breach of contract action." *Hickman*, 622 N.E.2d at 519.

The jury found all seven insurers liable on the bad faith claim. The jury was instructed that, "[t]o prove a bad faith claim, Indiana GRQ must prove . . . that [an] *insurer's conduct was a responsible cause of damages* to Indiana GRQ" [ECF 229 Instr. 5 (emphasis added); *see also* Instr. 9]. The jury could not find against an insurer without concluding that an insurer's bad faith caused damages. Another instruction emphasized that, for compensatory damages on the bad faith claim, the jury must decide the amount that "will fairly compensate Indiana GRQ for any damages that were responsibly caused by *that insurer's bad faith conduct*" [*id.* Instr. 12 (emphasis added)]. The law presumes the jury followed these instructions in assessing liability and awarding damages. *See United States v. Ajayi*, 808 F.3d 1113, 1123 (7th Cir. 2015).

The verdict form likewise required the jury to consider each insurer's liability for bad faith separately. *See, e.g., Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Despite this dovetail to the instructions, the insurers argue that there was no place on the verdict form for the jury to award compensatory damages on the bad faith claim separately. That was unnecessary when the compensatory damages, as they often are in these cases, were coextensive to the contract claim (or at least overlapping), *see Hickman*, 622 N.E.2d at 519-20, and indeed was unadvisable when the law forecloses a duplicative recovery, *see INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003).[1]

As one example of the damage overlap, Dr. Tod Delaney testified that the largest environmental remediation cost would be the removal of PCBs embedded in the concrete because nothing had been done since the flood. He added that the delay in notifying the Environmental Protection Agency (EPA)

---

[1] *INS* found error in the verdict form when it invited the jury to award compensatory damages separately on contract and negligence claims because the verdict allowed "a double recovery for a single wrong." *INS Investigations Bureau*, 784 N.E.2d at 577 ("law disfavors a windfall or a double recovery"); *see also Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 383 (7th Cir. 2018) ("plaintiff is only entitled to a single recovery for a single injury, regardless of how many defendants could be liable for that single injury, or how many different theories of recovery could apply to that single injury").

aided this contamination. He testified that whoever knew of the PCB release implicating the Toxic Substances Control Act had an obligation to notify the EPA. The insurers never explain why the jury could not have reasonably credited his testimony, sampling evidence, testimony from Jeff Pope and other witnesses, and certain communications and evidence of the insurers' conduct in redirection of Jeff Pope to tie environmental damages to their bad faith, even Interstate. *See Hickman*, 622 N.E.2d at 519 (allowing tort recovery of "all damages directly traceable to the wrong and arising without an intervening agency").

The verdict form allowed the jury to award a total compensatory damages figure, but not a duplicative recovery. Both the verdict form and jury instructions foreclosed the jury from awarding compensatory damages on the bad faith claim without finding that bad faith—and bad faith by each insurer—caused Indiana GRQ damages. At this stage of entering judgment, it cannot be said that the jury found no compensatory damages on the bad faith claim.

The insurers cite two district court cases. *See Reid Hosp. & Health Care Servs., Inc. v. Conifer Health Sols., LLC*, 2017 U.S. Dist. LEXIS 139573, 13-14 (S.D. Ind. Aug. 30, 2017); *Forest River Mfg., LLC v. Lexmark Enter. Software, LLC*, 2017 U.S. Dist. LEXIS 71019, 7-8 (N.D. Ind. May 9, 2017). In cases with contract and tort claims, there must be a showing of a separate independent tort, and oft this tort must cause an injury distinct from the contract's breach. Both *Reid* and *Forest River* smartly note this; but both concern and cite authority (primarily *Estelle*) when a tort claim arises merely from the contract. *See Greg Allen Constr. Co. v. Estelle*, 798 N.E.2d 171, 173-74 (Ind. 2003) ("there is no claim of injury that the law would protect if there were no contract"); *see also Sheaff Brock Inv. Advisors, LLC v. Morton*, 7 N.E.3d 278, 288 (Ind. Ct. App. 2014) (constructive fraud just a repackaged contract claim). That isn't today's scenario.

And these cases have nothing to do with bad faith claims in the insurance context. Both cases are distinct from an insurance coverage action, like this one, when the tort obligation arises, not from the insurance policy (contract) between the parties, but by operation of law. *See Hickman*, 622 N.E.2d at 518-19. In this field, the law explicitly recognizes that tort damages for a bad faith claim will likely be

3

"coterminous" with compensatory damages on the contract claim, *id.* at 519, and that the "two distinct legal theories" either may have separate awards or they may have "overlapping . . . recoveries," *id.* at 520; *accord Klepper v. ACE Am. Ins. Co.*, 999 N.E.2d 86, 98-99 (Ind. Ct. App. 2013); *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 870-71 (7th Cir. 1994); *Matusiak v. Am. Family Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 44572, 3-5 (S.D. Ind. June 29, 2006).

Interstate adds that Indiana GRQ waived its compensatory damages. Tellingly, none of the other six insurers joins this pitch. Interstate quotes the day five trial transcript—albeit just selectively. What Interstate excludes is when Indiana GRQ expressly reserved its answer as to its bad faith damages [ECF 210 at 843]. Later the company spoke to "proximate damages resulting from bad faith" [*id.* 1104; *see also id.* 1105, 1107]. Whether clear in its later definition, Indiana GRQ never waived its compensatory damages for bad faith. Despite the copious arguments the insurers advanced for Rule 50 judgment, notably they never challenged the third element of bad faith—that the jury could reasonably find that each insurer's bad faith conduct was a responsible cause of damages to Indiana GRQ. As presented and instructed, the jury cannot be said to have refused compensatory damages on the bad faith claim in its verdict.

This brings the discussion to the statutory cap. For this case, the "punitive damage award may not be more than . . . three (3) times the amount of compensatory damages awarded in the action." Ind. Code § 34-51-3-4. The parties first debate whether punitive damages should be capped in the aggregate—namely whether the total of punitive damages ($87,500,000) is more than three times the amount of compensatory damages—or individually—namely whether each punitive damage award against an insurer ($12,500,000) is more than three times the amount of compensatory damages. The insurers argue the aggregate; Indiana GRQ argues individually.[2]

---

[2] Interstate also argues that the most Indiana GRQ could recover in punitive damages under Indiana Code § 34-51-3-4(2) is $50,000, but its brief never closes with why this should be or should not be.

4

The answer: individually. The statute speaks in terms of "[a] punitive damage award." Ind. Code § 34-51-3-4. It speaks of an individual and single punitive damage award. *See Fix v. State*, 186 N.E.3d 1134, 1139 (Ind. 2022) (plain language controls). This interpretation remains in line with how the law requires punitive damages to be awarded—on a defendant-by-defendant basis. *See Minix*, 597 F.3d at 830 ("individual liability for punitive damages, which are assessed separately against each defendant"); *Bosco v. Serbant*, 836 F.2d 271, 281 (7th Cir. 1987) ("punitive damages should be assessed separately"); *McKinnon v. Berwyn*, 750 F.2d 1383, 1387 (7th Cir. 1984) (same). This makes perfect sense given that the purpose of punitive damages is to deter and punish an individual's wrongful conduct.

The parties next debate the calculus—what compensatory damages may be used in this assessment—whether just the bad faith compensatory damages or the total compensatory damages on any claim. A punitive damage award may not be more than three times "the amount of compensatory damages awarded in the action." Ind. Code. § 34-51-3-4. No matter the reference to "the action," Indiana law reads this statute as meaning "the amount of compensatory damages awarded for the claim or claims for which punitive damages were requested in a party's pleadings or, if not requested in the pleadings, tried by consent." *Techna-Fit, Inc. v. Fluid Transfer Prods.*, 45 N.E.3d 399, 414-416 (Ind. Ct. App. 2015).

Indiana GRQ only sought (and could only seek) punitive damages on its bad faith claim, not its contract claim. That was its pleading and trial posture. Punitive damages aren't permitted in mere contract cases. *Hickman*, 622 N.E.2d at 519-520. Each punitive damage award against each insurer is thus limited to three times the compensatory damages awarded on Indiana GRQ's bad faith claim. The court's jury instructions echoed this same point—that punitive damages must be based solely on an insurer's bad faith conduct, not its breach of contract [ECF 229 Instr. 15, 18; *see also* Instr. 12, 17].

As it stands today, on this record and at this stage alone, the court sees no reason to lower the verdict because of the statutory cap. Even if the court were to slice the compensatory damages on the

5

bad faith claim to be thinly the environmental award, each punitive damage award would be well within the cap.

To the extent the insurers want to argue that the verdict was against the weight of the evidence, which seems at times weaved within their briefs, they may make that argument in a Rule 59 motion. *See* Fed. R. Civ. P. 59; *Mejia v. Cook Cnty.*, 650 F.3d 631, 633-34 (7th Cir. 2011). Now isn't the time for such argument—not until the judgment has been entered.

## CONCLUSION

Accordingly, the court DENIES the insurers' motions to cap the verdict [ECF 237, 238] and DIRECTS the clerk to enter judgment for Indiana GRQ in accordance with the jury's verdict [ECF 235].

SO ORDERED.

June 20, 2023                                                *s/ Damon R. Leichty*
                                                             Judge, United States District Court